**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL HOUSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 14 C 1042** |
| | ) | |
| v. | ) | **Judge Jorge Alonso** |
| | ) | |
| **UNITED STATES OF AMERICA and** | ) | |
| **QUALITEST PHARMACEUTICAL,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendants for negligence, breach of warranty, battery, willful and wanton conduct, and for violating the Illinois Consumer Fraud Act for manufacturing or prescribing to him a medication that caused him to develop a serious skin disease. The case is before the Court on defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(6) motions to dismiss. For the reasons set forth below, the Court grants the government's motion and enters and continues Qualitest's motion.

**Background**

On July 23, 2011, James Pecard, who was working as a physician assistant at Komed Health, a federally-funded health center in Chicago, prescribed Allopurinol for plaintiff to treat what Pecard believed was gout. (Compl. ¶¶ 2, 6.) Pecard did not, however, explain to plaintiff that one potential side effect of the drug was development of Stevens-Johnson Syndrome ("SJS"), a serious disorder that produces severe skin rashes and can cause blindness. (*Id.* ¶¶ 11-13.) Plaintiff took the

medication as directed and developed SJS. (*Id.* ¶¶ 7-10.) Thereafter, he filed this suit in state court against Pecard, Komed, and Qualitest to recover for his injuries.

After certifying that Pecard prescribed the medication to plaintiff in the scope of his employment with a federally-funded health center, the U.S. Attorney General removed the suit to this Court pursuant to the Federal Tort Claims Act ("FTCA"). (Notice of Removal, Ex. B, Certification, ECF No. 1-2); *see* 42 U.S.C. § 233(c) (stating that, pursuant to the FTCA, the government must substitute itself for a federal-employee defendant in a tort suit upon certification that the defendant was acting in the scope of his employment). Defendants now ask the Court to dismiss the claims plaintiff asserts against them.

## Discussion

On a Rule 12(b)(6) motion to dismiss,[1] the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1]The government's motion, which is based on plaintiff's failure to exhaust administrative remedies under § 2675(a) of the FTCA, is styled as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. However, the Seventh Circuit "no longer treats [exhaustion pursuant to] § 2675(a) as a jurisdictional prerequisite." *Smoke Shop LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014). Rather, it is a "'condition precedent to the plaintiff's ability to prevail.'" *Id.* at 787 (quoting *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)). Thus, the Court analyzes the motion as one for failure to state a claim under Rule 12(b)(6).

2

**Government's Motion**

The FTCA is the "exclusive" remedy against the United States "[for] personal injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); *see* 42 U.S.C. § 233(a) (stating that the FTCA applies "to damage for personal injury . . . resulting from the performance of medical . . . functions"). However, an FTCA suit cannot be filed unless plaintiff has exhausted administrative remedies. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.") Because plaintiff does not allege that he exhausted such remedies, the government argues that his suit FTCA claims should be dismissed.

Plaintiff contends that this pleading deficiency is irrelevant because his claims against Pecard and Komed do not fall under the FTCA. Specifically, plaintiff says that, despite the government's certification to the contrary, Pecard was not acting within the scope of his federal employment when he prescribed Allopurinol for plaintiff, and thus this is not an FTCA claim. Plaintiff bears the burden of proving this assertion. *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991).

Plaintiff has not shouldered this burden. Whether Pecard was acting within the scope of his employment is a question of Illinois law, which provides that an employee's action is within the scope if it "'is of the kind he is employed to perform; . . . occurs substantially within the authorized

time and space limits; . . . [and] is actuated, at least in part, by a purpose to serve the master.'" *Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989) (quoting Restatement (Second) of Agency § 228 (1958)); *see* 28 U.S.C. § 2674 (stating that "[t]he United States shall be liable, respecting the provisions of [the FTCA], in the same manner and to the same extent as a private individual under like circumstances"). Plaintiff alleges that Pecard is a physician's assistant who prescribed Allopurinol to plaintiff while "acting within the scope of [his] employment" at Komed Health, and alleges no facts that contradict this allegation.[2] (*See* Comp. ¶ 38.) Because plaintiff has not alleged facts that suggest Pecard was acting outside the scope of his federal employment or that plaintiff exhausted administrative remedies, he has not stated a viable FTCA claim.

**Qualitest's Motion**

Plaintiff's response to Qualitest's motion does not address its substance, but asks instead that briefing on the motion to be stayed until the FTCA claim is decided. The Court declines this request, and had it been made by a lawyer, would decide the motion without further input from plaintiff. However, given that plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended, substantive response to Qualitest's motion.

---

[2]Plaintiff argues that documents outside of the complaint belie this allegation, but the Court cannot consider such documents on a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

**Conclusion**

For the reasons set forth above, the Court grants the government's motion to dismiss [4] and enters and continues Qualitest's motion to dismiss [13]. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to: (1) amend his complaint to state a viable FTCA claim, if he can do so and comply with Rule 11; and (2) file an amended response to Qualitest's motion. If plaintiff fails to do so in that time, the Court will dismiss the FTCA claim for failure to exhaust administrative remedies and decide Qualitest's motion to dismiss without further input from him.

**SO ORDERED.**                    **ENTERED:   January 23, 2015**

_____
**HON.  JORGE ALONSO**
**United States District Judge**