# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 1042 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In his first amended complaint, plaintiff seeks to hold the United States liable for its employees' alleged negligence, battery, and willful and wanton conduct in prescribing to him a medication that caused him to develop a serious skin disease. The case is before the Court on the government's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. For the reasons set forth below, the Court grants the motion.

## Background

On July 23, 2011, James Pecard, who was working as a physician's assistant at Komed Health, a federally-funded health center in Chicago, prescribed Allopurinol for plaintiff to treat what Pecard believed was gout. (1st Am. Compl. ¶¶ 2, 8.) Pecard did not, however, explain to plaintiff that one potential side effect of the drug was development of Stevens-Johnson Syndrome ("SJS"), a serious disorder that produces severe skin rashes and can cause blindness. (*Id.* ¶¶ 11, 13-15.) Plaintiff took the medication as directed and developed SJS. (*Id.* ¶¶ 9-12.) At the time of these events, Pecard was working under the supervision of Syeda Shariff, a licensed physician. (*Id.* ¶ 3.)

Thereafter, plaintiff filed this suit in state court against Pecard and Komed to recover for his injuries. After certifying that Pecard prescribed the medication to plaintiff in the scope of his

employment with a federally-funded health center, the U.S. Attorney General removed the suit to this Court pursuant to the Federal Tort Claims Act ("FTCA"). (Notice of Removal, Ex. B, Certification, ECF No. 1-2); *see* 42 U.S.C. § 233(c) (stating that, pursuant to the FTCA, the government must substitute itself for a federal-employee defendant in a tort suit upon certification that the defendant was acting in the scope of his employment). The government now asks the Court to dismiss the claims plaintiff asserts against it, Pecard, and Shariff for failure to exhaust administrative remedies under the FTCA.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The FTCA is the "exclusive" remedy against the United States "[for] personal injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); *see* 42 U.S.C. § 233(a) (stating that the FTCA applies "to damage for personal injury . . . resulting from the performance of medical . . . functions"). However, an FTCA suit cannot be filed unless plaintiff has exhausted administrative remedies. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal

agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.") Because plaintiff does not allege that he exhausted such remedies, the government argues that his FTCA claims should be dismissed.

Plaintiff contends that this pleading deficiency is irrelevant because his claims against Pecard and Shariff do not fall under the FTCA. Specifically, plaintiff says that, despite the government's certifications to the contrary, Pecard and Shariff were not acting within the scope of their federal employment when they treated plaintiff, and thus these are not FTCA claims. (*See* 1st Am. Compl. ¶¶ 2-3, 17-24.) Plaintiff bears the burden of proving this assertion. *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991).

Whether Pecard and Shariff were acting within the scope of their employment is a question of Illinois law, which provides that an employee's action is within the scope of employment if it "'is of the kind he is employed to perform; . . . occurs substantially within the authorized time and space limits; . . . [and] is actuated, at least in part, by a purpose to serve the master.'" *Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989) (quoting Restatement (Second) of Agency § 228 (1958)); *see* 28 U.S.C. § 2674 (stating that "[t]he United States shall be liable, respecting the provisions of [the FTCA], in the same manner and to the same extent as a private individual under like circumstances"). Conduct is outside the scope of employment "'if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.'" *Id.* (quoting Restatement (Second) of Agency § 228 (1958)).

Plaintiff alleges that Pecard is a physician's assistant who prescribed Allopurinol to plaintiff while "acting as an agent/employee of Komed," and that Shariff is a physician who was supervising Pecard while "acting as an agent/employee of Komed." (*See* 1st Am. Compl. ¶¶ 2-3.) Though plaintiff alleges that Pecard and Shariff's treatment of him was negligent or violated the law, that does not mean

3

it was outside the scope of their employment. *Cf. Sellers v. Rudert*, 918 N.E.2d 586, 591-92 (Ill. App. Ct. 2009) (stating, in the context of sovereign immunity, that "the relevant question" for scope of employment "is not whether the employee had authority to commit the alleged legal wrong" but "whether the employee intended to perform some function within the scope of his or her authority when committing the legal wrong") (quotation omitted). Plaintiff does not allege that Pecard and Shariff's conduct was different from that which they were authorized to perform, occurred after work hours or at a location other than Komed, or was undertaken for personal reasons rather than on behalf of Komed. Because plaintiff has not alleged, and given the other allegations of the first amended complaint cannot allege, facts that suggest Pecard and Shariff were acting outside the scope of their federal employment or that plaintiff exhausted administrative remedies, he has not stated viable FTCA claims.

## Conclusion

For the reasons set forth above, the Court grants the government's motion to dismiss the first amended complaint [72]. Moreover, because it is clear that plaintiff cannot cure the defects in his pleading through amendment, the Court terminates this case.

**SO ORDERED.**                              **ENTERED:  June 8, 2015**

_____
**HON. JORGE ALONSO**
**United States District Judge**